Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000332
20-DEC-2018
07:58 AM

NO. CAAP-15-0000332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-NC1, Plaintiff-Appellee,
v. RODILLO MAGSANIDE TABUYO, SR.; and
MERLINA DULDULAO TABUYO, Defendants-Appellants,
and JIM HOGG; KEAAHALA KB, LLC; and
MARJORIE NISSEN, Defendants-Appellees,and
JOHN DOES 1-10; JANE DOES 2-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 2-10;
DOE ENTITIES 1-10 and DOE GOVERNMENTAL
UNITS 1-10, Defendants-Appellants,
and
JIM, HOGG, Plaintiff-Appellee, v.
RODILLO MAGSANIDE TABUYO, also known as
RODILLO MAGSANIDE TABUYO, SR., and
MERLINA DULDULAO TABUYO, Defendants-Appellants,
and U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
FOR ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2001-NC21, Defendant-Appellee, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 10-1-2138; 10-1-0642)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth,JJ.)

Defendants-Appellants Rodillo and Merlina Tabuyo (**the Tabuyos**) appeal pro se from the March 11, 2015 Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed October 6, 2010 (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**),[1] in favor of Plaintiff-Appellant U.S. Bank National Association, as Trustee for Asset-Backed Pass-Through Certificates, Series 2006-NCI (**U.S. Bank**), and against the Tabuyos. The Tabuyos also challenge the Circuit Court's March 11, 2015 Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed October 6, 2010 (**Foreclosure Decree**).

The Tabuyos' Opening Brief fails to comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b). However, we are able to discern that the Tabuyos contend that the Circuit Court erred in granting summary judgment in favor of U.S. Bank because there is a genuine issue of material fact as to whether U.S. Bank had standing to foreclose on the subject mortgage.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Bert I. Ayabe presided.

2

the arguments advanced and the issues raised by the parties, we resolve the Tabuyos' contentions as follows:

The Tabuyos primarily assert "that Plaintiff has no grounds to initiate a foreclosure action against Defendants to begin with," arguing that U.S. Bank "has not proven ownership of our note." The Tabuyos state that U.S. Bank "has no legal 'standing' with its foreclosure complaint."

The Hawai'i Supreme Court has held that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing or entitlement to enforce the subject note at the time the action was commenced. Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 367-71, 390 P.3d 1248, 1254-58 (2017). The supreme court stated, *inter alia*, that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned that "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise the

3

holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

Here, therefore, in order to be awarded summary judgment, U.S. Bank was required to establish that it was entitled to enforce the Note when it initiated this action. As an initial matter, we note that U.S. Bank submitted, without explanation, two versions of the subject Note: one including an allonge and special indorsement (attached to the Complaint) and another without the allonge but including a blank indorsement (attached to the Motion for Summary Judgment). "The Declaration of Indebtedness" by Vice President of Loan Documentation, See Chang (**Chang**), executed on February 26, 2014, and submitted in support of U.S. Bank's motion for summary judgment attests that the Tabuyos' Note "is indorsed, in blank." However, according to the attorney affirmation by counsel Robert M. Ehrhorn, Jr. (**Ehrhorn**), Chang represented that she "[e]xamined and confirmed that the copies of the Note, Mortgage, and Assignment of Mortgage, attached as exhibits to the Complaint appear to be true and correct copies." (Emphasis added). Since the two versions of the Note differ materially with respect to the indorsement, this appears to create a genuine issue of material fact as to which version accurately represents the Note as it existed at the time of the filing of the Complaint.

In addition, U.S. Bank has failed to establish through admissible evidence that it was entitled to enforce either version of the Note. Neither the Chang declaration nor Ehrhorn's

affirmation acknowledge the allonge.  In any case, in order to rely on a specially-indorsed allonge, the supreme court has held that admissible evidence was needed to demonstrate that the bank was in possession of the note and allonge at the time of the filing of the Complaint.  U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 33, 398 P.3d 615, 622 (2017) (holding that where an allonge is used to specially indorse a note, admissible evidence is needed to demonstrate that plaintiff is in possession of the original note *and allonge* at the time of the filing of the foreclosure complaint); see also HRS § 490:3-205(a) (2008) (regarding special indorsement); see also HRS 490:1-201(1) (2008) (regarding definition of "holder" as person in possession of instrument payable to identified person).

Moreover, while the Chang declaration states that the blank-indorsed Note was in U.S. Bank's possession at the time of its motion for summary judgment, Chang does not attest that U.S. Bank had possession of the Note when it filed the Complaint.  The Ehrhorn affirmation merely echos Chang's representations and does not state that U.S. Bank had the original blank-indorsed Note in its possession at the time the Complaint was filed.  Accordingly, U.S. Bank failed to present evidence of its standing to initiate this foreclosure action under Reyes-Toledo.  See, e.g., US Bank Trust, N.A. v. Schranz, CAAP-17-0000519, 2018 WL 3134507, *3 (Haw. App. Jun. 27, 2018) (SDO).

Thus, viewing the evidence in the light most favorable to the Tabuyos, there is a genuine issue of material fact as to

5

whether U.S. Bank was entitled to enforce the Note, and thus had standing, at the time the Complaint was filed.[2] U.S. Bank has therefore failed to meet its burden of demonstrating it was entitled to judgment as a matter of law, and we conclude that the Circuit Court erred in granting summary judgment. See Reyes-Toledo, 139 Hawai'i at 371, 390 P.3d at 1258.

For these reasons, the Circuit Court's March 11, 2015 Foreclosure Decree and Judgment are vacated, and this case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawai'i, December 20, 2018.

On the briefs:

Rodillo M. Tabuyo,
Merlina D. Tabuyo,
Defendants-Appellants *Pro Se.*

Edmund K. Saffery,
Lynda L. Arakawa,
(Goodsill Anderson Quinn &
 Stifel)
for Plaintiff/Counterclaim
Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[2] U.S. Bank does not address the sufficiency of its evidence to establish standing under Reyes-Toledo, but instead asserts that the unappealed entry of default against the Tabuyos is fatal to their appeal. We reject this argument as this court has the "independent obligation" to address standing "as a threshold matter, even if it is not raised by the parties." McDermott v. Ige, 135 Hawai'i 275, 283, 349 P.3d 382, 390 (2015). U.S. Bank's additional argument, that the Tabuyos lack standing to challenge the transfer of the loan and assignment of the mortgage (an alternative argument raised by the Tabuyos), is inapposite to the dispositive issue of U.S. Bank's standing to bring the foreclosure action in the first instance.